Kelly v. Cunningham.

---

## KELLY *et al. vs.* CUNNINGHAM *et al.*

An action to recover damages for collision cannot be sustained where the injury of which the plaintiff complains has resulted from the negligence of both parties : so *held,* where a brig lying in the harbor of San Francisco in the usual track of bay and river steamers, without having any light hung out, was run into and damaged by a river steamer when entering the harbor on her usual course and with dimin-

Kelly *v.* Cunningham.

ished speed, it appearing that there was no intentional wrong on the part of the defendants : and *held* further, that if *ordinary prudence* required the brig to show a light, the fact that it was a common *practice* in the harbor to neglect to do so, was no excuse ; it appearing that the brig lay in a more dangerous situation than most of the shipping in the harbor.

A jury should make up their verdict from the facts according to the law as given to them by the court : and it *seems* that it is improper for a court to charge the jury " to take into consideration all of the facts and do equal justice between the " parties ;" inasmuch as an instruction so general in its terms may mislead them. *Per* HASTINGS, Ch. J.

APPEAL from the superior court of the city of San Francisco, where judgment was rendered in favor of the plaintiffs. The facts upon which the decision of this court was based are given in the opinion of the chief justice.

——————————, for the plaintiffs.

*Allen T. Wilson,* for the defendants.

*By the Court,* HASTINGS, Ch. J. It appears from the testimony that on the night of the 7th of September, A.D. 1850, the brig *Caleb Curtis* was anchored in the roadstead (not in the harbor) of San Francisco, in or near the track of bay and river steamers. The steamer *Senator* from Sacramento City, on her usual course in entering the harbor, about 9 o'clock at night of the 7th, came in collision with the brig by which both vessels were damaged. This action was brought by the owners of the brig against the master and owners of the steamer for recovery of damages. The night was dark and foggy—the steamer at half her usual speed—the brig being without lights or a watch on her decks. The testimony is voluminous and in many things contradictory ; but it appears from the testimony of several experienced seamen, who are not contradicted, that in the position of the brig " common prudence" and " self preservation" required lights and a watch. It is not contended that the collision was intentional, but that it occurred from a want of care and diligence on the part of the master of the steamer. The court was requested to instruct the jury " that if both parties were guilty

Kelly *v.* Cunningham.

" of negligence the jury must find for the defendants." This the court gave with a qualification. We think the instruction should have been given as asked.

In the case of *Brownell* v. *Flagler*, (5 *Hill's Rep.* 282,) the court say, " in an action on the case where the injury of which " plaintiff complains has resulted from the negligence of both " parties, without any intentional wrong on the part of the de- " fendant, the action cannot be maintained," and a reference is there made to numerous cases in support of this principle.

The following instruction, viz.: " That if common prudence " required the *Caleb Curtis* to hang out a light, the fact that it " was a common practice in this harbor to neglect to do so, is " no excuse," should have been given without any explanation of the words " common prudence." These words have no technical meaning, and what the explanation was, does not appear. The court finally instructed the jury to " take into considera- " tion all of the case and do equal justice between the par- " ties." This, it is believed, is submitting too much to the jury. They are to pass upon the facts, the court upon the law. The jury should make up their verdict from the facts, according to the law as given by the court, and then " equal justice be- " tween the parties" will generally be the result ; but if the jury are to find according to their views of equal justice, it is to be apprehended, that in many cases, prejudice and feeling may make that appear to be " equal justice" in one case, which would be iniquitous in another. This instruction tends to mislead and confuse the minds of the jury. The verdict of the jury is not sustained by the evidence. The position of the brig required for her own safety a watch and lights ; for want of this reasonable and ordinary care the action should not be maintained. The judgment is therefore reversed, and case remanded.